# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ERIKA JAZMIN GOMEZ,<br><br>　　　　　　　　　　　Defendant. | Case No. 17-cr-02237-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT (ECF No. 41)** |

　　After being sentenced in 2018, Defendant Erika Jazmin Gomez served her time in custody. (ECF No. 38.) She also completed a five-year term of supervised release without incident. (ECF No. 40.)

　　Now, about a year after the Court ended Ms. Gomez's supervised release, she asks the Court to expunge her conviction. (ECF No. 90.) Ms. Gomez explains that she is remorseful for the offense, and her conviction is limiting her employment opportunities and ability to support her family. (*Id.*)

　　The Court is sympathetic to Ms. Gomez's request. However, unlike convictions in California state court, there are very limited ways to expunge a federal conviction. If no federal statute applies, the court may expunge criminal records in limited circumstances, such as removing the record of an unlawful arrest or conviction—or correcting a clerical

1  error. *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). This Court does not
2  have the power to expunge a conviction on only equitable grounds, such as where the
3  conviction is limiting employment opportunities. *Id.* at 1008, 1014.
4      Therefore, although the Court is sympathetic to Ms. Gomez's request, the Court
5  must deny her Motion for Expungement because the Court lacks the power to grant her
6  relief. (ECF No. 41.)
7      **IT IS SO ORDERED.**

9  DATED: August 13, 2024

Hon. Cynthia Bashant
United States District Judge